RE: SUNDAY CLOSING LAWS
AS MY LETTER OF JANUARY 16, 1991 INDICATED, ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION ADDRESSING WHETHER THE SUNDAY CLOSING LAW, SPECIFICALLY, 21 O.S. 918 (1990), IS UNCONSTITUTIONAL BECAUSE IT DISCRIMINATES AGAINST A CERTAIN CLASS OF MERCHANTS.
IN THE STAKE OF THE OKLAHOMA SUPREME COURT'S RULINGS IN YORK V. TURPEN, 681 P.2D 763 (OKLA.1984) AND BRANCH TRUCKING V. OKLAHOMA TAX COMMISSION, 61 O.B.J. 3128 (NOV.27, 1990) (DECISIONS WHICH HELD THAT OPINIONS OF THE ATTORNEY GENERAL WHICH FIND AN ACT OF THE LEGISLATURE UNCONSTITUTIONAL ARE NOT BINDING), THE UTILITY OF A FORMAL OPINION OF THE ATTORNEY GENERAL ON THIS QUESTION WOULD BE DOUBTFUL AT BEST. THE RATIONALE UNDERLYING YORK WAS THAT THE DECLARATION BY THE ATTORNEY GENERAL THAT A STATUTE IS UNCONSTITUTIONAL IS AN UNWARRANTED ENCROACHMENT UPON THE POWER OF THE LEGISLATURE AND THE UNIQUE DUTY OF THE COURTS. IN ADDITION TO THE FACT THAT A DETERMINATION REGARDING THE CONSTITUTIONALITY OF A STATUTE LIKE 21 O.S. 918, REALLY IS A TASK BETTER SUITED TO THE JUDICIAL THAN THE EXECUTIVE BRANCH, 21 O.S. 918 IS A CRIMINAL STATUTE, AND THE LEGISLATURE HAS VESTED LOCAL DISTRICT ATTORNEYS WITH THE POWER AND THE DISCRETION IN THE IMPLEMENTATION OF CRIMINAL STATUTES. FOR THESE REASONS, I WILL ATTEMPT TO ADDRESS YOUR QUESTION THROUGH AN INFORMAL LETTER RATHER THAN A FORMAL OPINION.
SECTION 21 O.S. 918 OF TITLE 21 IS A PARTICULARIZED ENUMERATION OF THE GENERAL "SABBATH-BREAKING" PROHIBITION CONTAINED IN 21 O.S. 908 OF TITLE 21. 21 O.S. 908(2) GENERALLY PROHIBITS THE PERFORMANCE OF "TRADES, MANUFACTURES, AND MECHANICAL EMPLOYMENT" ON THE SABBATH. 21 O.S. 918, THEN, SPECIFICALLY PROHIBITS THE SALE, BARTER, OR EXCHANGE OF MOTOR VEHICLES. YOUR QUESTION ASKS, I BELIEVE, WHETHER THE SINGLING OUT OF CAR DEALERSHIPS IS UNCONSTITUTIONAL AS A CLASSIFICATION WHICH VIOLATES THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE V, SECTION 59 (AMEND 14) OF THE OKLAHOMA CONSTITUTION.
TRADITIONAL, LEGAL ANALYSIS OF STATUTES CHALLENGED UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OR UNDER THE SPECIAL LAWS PROHIBITIONS OF STATE CONSTITUTIONS, BEGINS BY RECOGNIZING THAT FEW IF ANY STATUTES APPLY UNIVERSALLY AND TREAT ALL PERSONS AND CLASSES OF PERSONS EQUALLY. THE INEVITABLE DISCRIMINATION WHICH OCCURS AS A RESULT OF THE LEGISLATIVE CONFERRAL OF SPECIAL BURDENS AND BENEFITS UPON SPECIFIC PERSONS AND CLASSES OF PERSONS HAS BEEN UPHELD BY THE COURTS WHEN THE STATE CAN JUSTIFY THE LEGISLATIVE DISTINCTION. THE UNITED STATES SUPREME COURT HAS DEVELOPED DIFFERENT STANDARDS OF REVIEW DEPENDING UPON THE NATURE OF THE CLASSIFICATION DRAWN IN THE UNDERLYING STATUTE. WHAT THIS MEANS PRACTICALLY, IS THAT DIFFERENT LEVELS OF STATE JUSTIFICATION ARE REQUIRED FOR DIFFERENT KINDS OF STATUTORY CLASSIFICATIONS.
GENERALLY, ECONOMIC REGULATIONS, SUCH AS THE SUNDAY CLOSING LAW CONTAINED IN 21 O.S. 918, ARE EVALUATED UNDER A RATIONAL BASIS STANDARD. THE STATUTE IS CLOAKED INITIALLY WITH THE PRESUMPTION OF CONSTITUTIONALITY; THE BURDEN THEN FALLS TO THE CHALLENGER TO ESTABLISH THAT THE PROVISION WAS ENACTED WITH NO RATIONAL BASIS AND SO IS ESSENTIALLY ARBITRARY. THIS BURDEN HAS PROVEN AN ALMOST IMPOSSIBLE ONE FOR MOST CHALLENGERS.
IN MCGOWAN V. MARYLAND, 366 U.S. 420 (1961), THE UNITED STATES SUPREME COURT UNANIMOUSLY REJECTED AN EQUAL PROTECTION CHALLENGE TO THE MARYLAND SUNDAY CLOSING LAW WHICH, THROUGH ITS NUMEROUS EXEMPTIONS, ALSO ACTED UNEVENLY UPON DIFFERENT CLASSES OF MERCHANTS. IN MCGOWAN THE COURT CITED WITH APPROVAL THE LANGUAGE OF A CASE WHICH HAD BEEN DECIDED FIFTY YEARS EARLIER, LINDSLEY V. NATURAL CARBONIC GAS CO., 220 U.S. 61 (1911). THE FOUR STEP, HIGHLY DEFERENTIAL ANALYSIS DESCRIBED IN LINDSLEY WAS AS FOLLOWS:
 1. THE EQUAL PROTECTION CLAUSE (DOES) NOT TAKE FROM THE STATE THE POWER TO CLASSIFY IN THE ADOPTION OF POLICE LAWS, BUT ADMITS OF THE EXERCISE OF A WIDE SCOPE OF DISCRETION IN THAT REGARD, AND AVOIDS WHAT IS DONE ONLY WHEN IT IS WITHOUT ANY RATIONAL BASIS AND THEREFORE IS PURELY ARBITRARY. 2. A CLASSIFICATION HAVING SOME REASONABLE BASIS DOES NOT OFFEND AGAINST THE CLAUSE MERELY BECAUSE IT IS NOT MADE WITH MATHEMATICAL NICETY, OR BECAUSE IN PRACTICE IT RESULTS IN SOME INEQUALITY. 3. WHEN CLASSIFICATION IN SUCH A LAW IS CALLED IN QUESTION, IF ANY STATE OF FACTS REASONABLY CAN BE CONCEIVED THAT WOULD SUSTAIN IT, THE EXISTENCE OF THAT STATE OF FACTS AT THE TIME THE LAW WAS ENACTED MUST BE ASSUMED. 4. ONE WHO ASSAILS THE CLASSIFICATION IN SUCH A LAW MUST CARRY THE BURDEN OF SHOWING THAT IT DOES NOT REST UPON ANY REASONABLE BASIS, BUT IS ESSENTIALLY ARBITRARY.
SECTION 21 O.S. 918 OF TITLE 21, HAS NOT BEEN CONSTRUED BY AN OKLAHOMA COURT, BUT A SIMILARLY DRAWN CITY ORDINANCE WHICH PROHIBITED THE OPERATION OF BARBER SHOPS ON SUNDAY WAS UPHELD BY THE COURT OF CRIMINAL APPEALS IN EX PARTE FERGUSON, 141 P.2D 599 (OKL.CR.APP. 1943). IN FERQUSON, THE SUNDAY CLOSING ORDINANCE WAS CHALLENGED ON SEVERAL GROUNDS, INCLUDING ALLEGATIONS THAT IT CONSTITUTED PROHIBITED SPECIAL LEGISLATION AND THAT IT VIOLATED THE EQUAL PROTECTION CLAUSE. THE COURT SPOKE IN HIGHLY DEFERENTIAL TERMS, ULTIMATELY CONCLUDING THAT THE FACT THAT THE ENTIRE CLASS OF BARBERS WAS TREATED IN A LIKE MANNER SAVED THE ORDINANCE FROM CONSTITUTIONAL INVALIDITY.
AS I SAID EARLIER, THE JUDICIAL BRANCH IS FAR BETTER SUITED THAN THE EXECUTIVE BRANCH TO EVALUATE WHETHER A GIVEN LEGISLATIVE ENACTMENT HAS TRANSGRESSED CONSTITUTIONAL BOUNDS BY DISCRIMINATING AGAINST A CLASS OF PEOPLE, OR MERCHANTS. ALTHOUGH THE COURTS IN OKLAHOMA HAVE NOT YET HAD OCCASION TO ADDRESS THE DICTATES IF TITLE 21, 918, ONE CAN ANTICIPATE TREATMENT OF THE LEGISLATURE'S POWER AND DISCRETION WHICH MIRRORS THE RATIONAL BASIS ANALYSIS HANDED DOWN BY THE UNITED STATES SUPREME COURT; ONE CAN, I THINK, ALSO ANTICIPATE ANALYSIS WHICH IS SIMILAR TO THAT USED TO UPHOLD THE SUNDAY CLOSING ORDINANCE IN FERGUSON. IT SEEMS LIKELY, THEN, THAT SECTION 21 O.S. 918 WOULD BE UPHELD.
(REBECCA RHODES) (BLUE LAW)